FILED

Michael S. Traylor (SBN 136814)
9018 Balboa Blvd., Suite 352
Northridge, CA. 91325
(310) 401-6610 ph
(661) 296-9965 fax
Attorney for Plaintiff Connie Collins

2013 JAN 29 PM 2:53
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

# THE UNITED STATES DISTRICTY COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DISTRICT

CV13-00627-RGK (SSx)

**CONNIE COLLINS**

**Plaintiff**

vs.

**DR. PEPPER SNAPPLE GROUP, INC., MCGARRY BOWEN, LLC. and DOES 1-20, inclusive,**

**Defendants.**

**Case No.**

**COMPLAINT FOR MONEY DAMAGES AND EQUITABLE RELIEF**

Plaintiff Connie Collins along with her heirs, successors and common interest holders ("Plaintiffs") are informed and believe (and on the basis of that information and belief) complain and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a United States citizen and a lawful resident of the County of Los Angeles, State of California.

2. Plaintiff is the creator, sole owner and copyright holder in the written script and recorded television commercial entitled Shick Shick Aaagh and independently created same (the "Commercial"). Plaintiff has granted no license or permission to the Commercial to Defendants and is the sole owner thereof, without limitation. The Commercial was registered for and obtained copyright protection on or about July 16, 2012. A true and correct copy of the registration will be lodged with the Court.

3. Defendant Dr. Pepper Snapple Group, Inc. (referred to herein as "7-UP) is a domestic limited liability corporation organized and existing under the laws of the State of Delaware. 7-UP, among other things, is in the business of manufacturing and distributing soft drinks and beverages. As part of the distribution scheme of soft drinks and beverages7-UP, they partner with advertising agencies (like co-defendant McGarry Bowen, LLC).

4. Defendant McGarry Bowen, LLC ("McGarry Bowen") is a domestic corporation organized and existing under the laws of the State of Delaware. McGarry Bowen is primarily engaged in the business of providing creative and related advertising services to companies, including, without limitation, 7-UP.

5. 7-UP and McGarry Bowen (jointly "Defendants") entered into a joint venture and unity of interest for purposes of creating an advertising campaign designed to market, promote, advertise, generate brand value and sale the popular soft drink known as "7 Up". Such venture is a multi-million dollar, worldwide business which has produced profits and goodwill to both companies.

6. In 2011 and 2012, Defendants infringed Plaintiff's copyright (and related exclusive rights) in and to the Commercial by copying the elements thereof and creating a television commercial (the "Infringing Work"). Defendants utilized the Commercial as a marketing tool to assist them in the sale of the 7-Up beverage (the "Products") and strengthening the brand of the

Products among the African-American demographic and the demographic which primarily consumes urban music.

7. Defendants have earned millions of dollars in profits and goodwill from the Products and have failed and refused to credit or compensate Plaintiff for the infringing uses of the Commercial in the Infringing Work used to sell their Products.

8. Prior to exhibition of the Infringing Work, Plaintiff submitted the Commercial to the agents, employees and other authorized representatives of each Defendant for the purpose of securing business with said Defendants and in an effort to produce the Commercial. Defendants and their agents, employees and other authorized representatives accepted submissions from Plaintiff for the Commercial, viewed same and discussed possibly using the Commercial to market and promote the Products.

9. Defendants and each of them were fully knowledgeable and/or made aware of the foregoing dynamics and that the Commercial was the sole property of Plaintiff. Defendants and each of them knowingly and intentionally conspired to infringe Plaintiff's copyrights in the Commercial, to copy the Commercial, to edit the Commercial to include Defendants' Products and to generate sales of and profits from the Products by using the Commercial without permission, license and/or any other consent from Plaintiff. In furtherance thereof, Defendants (and each of them) did actually copy the Commercial and create the Infringing Work which was copied, reproduced, manufactured, distributed and exhibited on a worldwide basis (on television and on the internet) by Defendants. As part of the process of creating the Infringing Work (and in an effort to conceal their intentional infringement thereof) Defendants (and each of them) also made derivative works from the Commercial and added elements of that derivative work to create the Infringing Work. Defendants went on to produce and air the Infringing Work and earn monies and goodwill (along with other benefits) therefrom. Each defendant also further conspired not to pay Plaintiff and/or to permit Plaintiff to obtain other benefits by being associated with and/or involved in the creation of the Infringing Work. Defendants elected to retain all such income and other benefits for themselves. The unauthorized and unlawful uses of the Commercial by

Defendants as the central creative elements of the Infringing Work insure that there is no marketplace for the Title and/or the Program.

10. The Infringing Work and the various elements and derivatives thereof contain the same plot, themes, mood, setting, pace, characters, sequence of events, and other concrete elements making up the Commercial and therefore is substantially and strikingly similar to the Commercial.

11. This Complaint arises under the federal Copyright Act, 17 U.S.C.§ 101 et seq., as amended, and the statutory and common law of State of California. This Court has subject-matter jurisdiction over this dispute under 28 U.S.C $ 1331 (federal question) because the claims asserted arise under the Copyright Act.

12. Venue is proper in this judicial district under 28 U.C.S §1391(b)(2) because a substantial part of the events giving rise to the claims asserted herein occurred in this District. Venue is also proper under 28 U.S.C. § 1391(b)(1) because Defendants are subject to personal jurisdiction in this District and therefore "reside" in this District as term is defined in 28 U.S.C. § 1391(c). In addition, each Defendant conducts a substantial amount of business in this District.

13. The true capacities, whether individual, corporate, associate or otherwise, of defendants sued herein as DOES 1 to 20, inclusive, are unknown to and Plaintiff therefore sues such DOE defendants by such fictitious names. When their true names and capacities are ascertained, Plaintiff will amend the Complaint by asserting their true names and capacities herein. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner from the occurrences alleged in this Complaint, and that Plaintiff's damages as alleged in this Complaint were proximately caused by such fictitious defendants.

14. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was acting as an agent, servant, employee, representative of or joint venture with the other Defendants, each acting under the direction and control of said co-defendants and within the course and scope of such agency, service, employment, or joint venture. At all times mentioned herein the acts of Defendants, and each of them, were authorized and ratified by their co-defendants.

## FIRST CAUSE OF ACTION AGAINST EACH DEFENDANT
## FOR COPYRIGHT INGRINGEMENT

15. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 14 above, as if fully set for the herein.

16. The Commercial (including each element and derivative version thereof) and the rendering of ideas and elements therein, constitutes copyrightable expression protected by the federal Copyright Act, 17 U.S.C. § 101, et seq.

17. Plaintiff is the sole and exclusive owner of all of the exclusive rights to reproduce the Commercial in copies, prepare derivative works based upon the copyrighted work, manufacture audiovisual recordings, distribute copies of the copyrighted work, and display the copyrighted work publicly.

18. Defendants (and each of them) had access to the Commercial and gained such access by obtaining actual copies of the Commercial from Plaintiff's marketing efforts. Defendants then shared those copies of the Commercial among each other and jointly decided to infringe Plaintiff's rights therein.

19. The Infringing Work and the various elements thereof were copied from the Commercial and contain the same plot, themes, mood, setting, pace, characters, sequence of events, and other concrete elements making up the Commercial and therefore is substantially and strikingly similar to the Commercial.

20. Defendants have copied and intend to continue copying the Commercial and the expressions contained therein in order to make and continue to make, sell, distribute, make recordings of and profit from the Infringing Work, without Plaintiff's license, authority, or consent.

21. Plaintiff is informed and believes, and on that basis alleges, that Defendants copied the Commercial prior to exhibition and distribution of the Infringing Work specifically for purposes of making the Infringing Work and selling the Products.

22. Defendants have copied, manufactured recordings, publicly displayed and distributed (and intend to continue to do all such things) copies of the Commercial and copyrighted elements of the Commercial and the expressions contained therein in the form of the Infringing Work and variations thereof to the public without Plaintiff's license, authority, or consent.

23. By engaging in the conduct described above, Defendants have committed and continue to commit copyright infringement under the federal Copyright Act, 17 U.S.C. §§101 et seq.

24. Defendants' copying and infringing uses of the Commercial (as described above) is a wilful and conscious disregard of Plaintiff's rights under the federal Copyright Act.

25. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interests in the Commercial, Plaintiff has been damaged and continues to be damaged in an amount to be determined at trial which is believed to be in excess of Three Million Dollars ($3,000,000.00). Plaintiff is also entitled, under 17 U.S.C. § 504(a), to statutory damages, to the extent they exceed Plaintiff's actual damages, for each of Defendants' acts of infringement.

26. In infringing Plaintiff's copyright interests, Defendants acted wilfully and maliciously, entitling Plaintiff to enhancement of any statutory damages, pursuant to 17 U.S.C. §504(c)(2), in an amount to be determined at trial.

27. As a direct and proximate result of Defendants' infringement of Plaintiff's copyright interest in the Commercial, Defendants have made and will make profits attributable to their infringement. The amount of these profits will be determined at the time of trial.

28. As a direct and proximate result of Defendants' wilful infringement of Plaintiff's copyright interests, Plaintiff has had to retain legal counsel, and it is entitled to recover its attorneys' fees from Defendants pursuant to 17 U.S.C § 505, as well as costs, including any expert fees that might be appropriately recoverable.

29. Plaintiff has been and will continue to be damaged as a direct and proximate result of Defendants' continuing acts of infringement and threatened infringement, including but not limited to, lost revenues and profits, damaged relations with existing and prospective business partner, and continuing loss of value of its copyright interests in the Commercial. The damages that Plaintiff has

suffered and continues to suffer from this infringement are irreparable. Plaintiff has no adequate remedy at law, and such conduct will continue to cause irreparable harm unless restrained by this Court by the issuance of a preliminary injunction.

30. Unless enjoined by this Court, Defendants' conduct and continued infringement of Plaintiff's copyright interests will cause further irreparable injury. Plaintiff therefore requests that, after trial, this Court issue a permanent injunction, restraining and enjoining Defendants and their agents, employees, attorneys, representatives, and anyone acting at their direction or behalf from copying, reproducing, distributing, or displaying, without the express or implied consent of Plaintiff, the copyrightable expression in the Infringing Work.

31. In an effort to prevent ongoing and future infringement of Plaintiff's copyright interests and the irreparable injury resulting therefrom, Plaintiff requests that this Court order Defendants to surrender all copies made in violation of Plaintiff's copyright interests, as well as any digital or physical copies thereof as part of its final judgment in this action.

## JURY DEMAND

Plaintiffs demand trial by jury to resolve the issues raised herein; with the exception of such issues as are retained by the Court to grant injunctive relief.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A. That the Court enter judgment in favor of Plaintiff and against Defendants;

B. That the Court enter a declaratory judgment that Defendants have committed copyright infringement in connection with their uses of the Commercial and the Infringing Work;

C. That Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them, be preliminarily and permanently restrained and enjoined from infringing Plaintiff's copyright interests;

D. That Plaintiff recover compensatory damages for Defendants' wrongdoing in an amount to be established at trial, together with pre-judgment and post-judgment interest thereon at the maximum legal rate;

E. That Plaintiff recover its proven damages or statutory damages elected in accordance with the Copyright Act, 17 U.S.C.$ 504 and 505 and other applicable law.

F. That Plaintiff recover an award of punitive and other appropriate exemplary damages, disgorgement, restitution, pre-judgment and post-judgment interest as permitted by statute and/or contract;

G. That Plaintiff recover attorneys' fees and the costs of suit herein; and

H. Such other and further relief as this Court may deem just and proper.

DATED: January 23, 2013

Respectfully Submitted

Michael S. Traylor
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CONNIE COLLINS

**DEFENDANTS**
DR. PEPPER SNAPPLE GROUP, INC., MCGARRY BOWEN, LLC. AND DOES 1-20 INCLUSIVE

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael S. Traylor (SBN 136814)
9018 Balboa Blvd., Suite 352 (310) 567-2789 ph
Northridge, CA. 91325 (661) 296-9965 fax

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ **MONEY DEMANDED IN COMPLAINT: $** 3,000,000.00 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 USC 101- copyright infringement of a television commercial

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS**
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☑ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV13-00627

**FOR OFFICE USE ONLY:** Case Number: ____________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** 1-26-13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

CONNIE COLLINS

*Plaintiff(s)*

v.

DR.. PEPPER SNAPPLE GROUP, INC., MCGARRY BOWEN, LLC. AND DOES 1-20, INCLUSIVE

*Defendant(s)*

Civil Action No. CV13-00627-RGK (SSx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Michael S. Traylor, Esq., (SBN 136814), 9018 Balboa Blvd., Suite 352, Northridge, CA. 91325. (310) 567-2789 ph. (661) 296-9965) fax e-mail: traylorlawoffice@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: JAN 29 2013

MARILYN DAVIS

*Signature of Clerk or Deputy Clerk*

SEAL OF THE U.S. DISTRICT COURT CENTRAL DIST. OF CALIFORNIA

1227

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________
was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________
______________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________
______________________ , a person of suitable age and discretion who resides there,
on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ______________
______________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

**CV13- 627 RGK (SSx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.